UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAYMOND JOHN TRICE, No. 36229-044,

      Petitioner,

  v.

WARDEN, MARION-FCI,

      Respondent.

Case No. 25-cv-2154-JPG

## **MEMORANDUM AND ORDER FOR SERVICE OF PROCESS**

This matter comes before the Court on petitioner Raymond John Trice's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1).  The petitioner is incarcerated at the Federal Correctional Institute at Marion, Illinois ("FCI-Marion").  The petitioner is challenging the computation of his sentence, including whether 268 days he served in pretrial detention was properly credited by the Bureau of Prisons toward his sentence.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

In November 2023, the petitioner was sentenced to serve 57 months in prison for one count of being a felon in possession of a firearm in the United States District Court for the Eastern District of Missouri.  *United States v. Trice*, No. 1: 23-cr-65-MTS (E.D. Mo.).  He is currently incarcerated at FCI-Marion with a projected release date of September 21, 2028.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited April 2, 2026).  He claims that the BOP has incorrectly calculated his release date because it did not give him credit for time served in pretrial detention.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for improper sentence computation under 18 U.S.C. §§ 3584 and 3585. *See Pope v. Perdue*, 889 F.3d 410 (7th Cir. 2018). Thus, the petitioner's claims are properly raised in this § 2241 petition. Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief. Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before **May 4, 2026**. This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts while this action is pending. This notification must be in writing no later than 14 days after a transfer or other change in address. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: April 3, 2026**

_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**